**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DOMINGO SADIA,

    Plaintiff,

v.                                          Case No. 3:16-cv-882-J-34PDB

OFFSHORE SPECIALTY FABRICATORS,
LLC.,

    Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

Plaintiff Domingo Sadia (Plaintiff) initiated the instant action on July 7, 2016. See Complaint Jury Trial Demanded (Doc. 1; Complaint). Plaintiff asserts that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. See id. ¶ 1. Plaintiff asserts that he "is

1

a resident of Jacksonville, Florida," that Defendant Offshore Specialty Fabricators, LLC (Defendant) "is a Louisiana corporation" and that "[t]he amount in controversy exceeds $75,000." See id. ¶¶ 1, 4, 15.  However, to the extent that Plaintiff is claiming diversity jurisdiction under 28 U.S.C. § 1332(a), the Court determines that Plaintiff has not adequately alleged his citizenship.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412.  To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted).  As the Complaint discloses only where Plaintiff resides, rather than his state of citizenship, the Court finds that Plaintiff has not alleged the facts necessary to establish diversity jurisdiction. See Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); see also Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'").

Additionally, although Plaintiff alleges that Defendant "is a Louisiana corporation," see Complaint ¶ 1, Plaintiff names Defendant as a limited liability company, or LLC. See id. at 1.  As such, it is unclear whether Defendant is a corporation or a limited liability

company, making it impossible for the Court to determine which standard is applicable to ascertain its citizenship for purposes of diversity jurisdiction.

For the purposes of establishing diversity jurisdiction, an unincorporated business association or entity, such as a general or limited partnership or a limited liability company, is not a "citizen" under 28 U.S.C. § 1332(a) in its own right. See Xaros v. U.S. Fidelity & Guaranty Co., 820 F.2d 1176, 1181 (11th Cir. 1987). Instead, "the citizenship of its members is determinative of the existence of diversity of citizenship." Id.; see also Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1089 (11th Cir. 2010) ("General partnerships, limited partnerships, joint stock companies, and unincorporated membership associations are all treated as citizens of every state of which any partner or member is a citizen.") (internal quotation omitted). Therefore, in order to sufficiently allege the citizenship of an unincorporated business entity, a party must list the citizenships of all the members of that entity. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). A corporation, however, "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted). Thus, to sufficiently allege the citizenship of a limited partnership, a party must list the citizenship of each of the partners, but to allege the citizenship of a corporation, a party must identify the states of incorporation and principal place of business. See Rolling Greens, 374 F.3d at 1021–22; 28 U.S.C. § 1332(c)(1).

Here, as Plaintiff identifies Defendant as both a limited liability company and a corporation, the Court is unable to determine its citizenship. As such, clarification is

necessary to establish this Court's diversity jurisdiction.  First, Plaintiff must specify whether Defendant is a limited liability company or a corporation.  If, indeed, it is a corporation, Plaintiff must allege the State in which Defendant is incorporated and the State in which Defendant's principal place of business is located.  However, if Defendant is a limited liability company, Plaintiff must establish the citizenship of each of its members.

Thus, to the extent that Plaintiff wishes to proceed on diversity jurisdiction, the Court will give Plaintiff an additional opportunity to establish diversity of citizenship between the parties.  Specifically, Plaintiff should allege facts sufficient to establish the state in which he is a citizen by virtue of domicile, the precise nature of Defendant's business entity, and the state(s) in which Defendant is a citizen.

Accordingly, it is **ORDERED**:

Plaintiff shall have up to and including **AUGUST 8, 2016** to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida, this 12th day of July, 2016.

MARCIA MORALES HOWARD
United States District Judge

lc20

Copies to:

Counsel of Record

4